Weimer, J.,
dissenting.
|,From the majority’s ruling regarding an alternative cause of action for re-interment pursuant to La. R.S. 8:659,1 respectfully dissent.
According to defendants, Mr. Sonnier filed a separate suit, unrelated to the application before this court, “styled Petition for Permission to Remove Remains which is currently pending in the 15th JDC, Parish of Lafayette, Docket No. 2015-5619K.” Therefore, the majority’s direction for what should happen in a re-interment action, when such an action is separately pending and is not before this court, appears tantamount to issuing an advisory opinion. “It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. In order to avoid deciding abstract, hypothetical or moot questions, courts require cases submitted for adjudication to be justicia-ble, ripe for decision, and not brought prematurely.” LaPointe v. Vermilion Parish School Bd., 15-0432, p. 9 (La. 6/30/15), 173 So.3d 1152,1159.
I am, of course, very much in favor of honoring the wishes of those who have honorably served our country. I believe this court can honor those wishes here while remaining within the constraints of the lawsuit before us. It is well within this court’s power to inquire as to the status of the separate re-interment suit. I would be in favorj^of such an inquiry before granting leave to amend to state a re-interment cause of action that may already have been separately pleaded. Moreover, there are questions regarding the extent to which a servicemember’s selection of a person to authorize the manner of the servicemem-ber’s burial amounts to an authorization for the same person to later effectuate a re-interment. Without having those questions squarely presented for this court’s resolution, including a full exploration of those questions in the courts below after each party has been heard, I believe this court has not adequately explored the extent to which Eugene J. Sonnier, III had authorized anyone to bring an action for his re-interment. The burial of service-members who have sacrificed so much for our country is itself a sacred matter, and the courts, including this court, ought not *995 lightly presume anyone has been given the authority to disturb their final rest.